C. E. Tucker, E. W. Rolfe and Timothy Burns, now for use of George B. Hayes, Assignee of C. E. Tucker and the Estate of Frank A. Newell, Assignee of E. W. Rolfe and Timothy Burns, Appellants, *v.* Mary E. Taylor, Executrix of R. G. Taylor, deceased, and W. I. Thurston.

*Mortgage—Defense—Satisfaction.*

On a scire facias sur mortgage, it appeared that defendants ha' ,ur chased from plaintiffs a leasehold oil property for $15,500, of which $5,000 was to be paid in cash, the remainder to be secured by a mortgage on the leasehold property. Instead of the cash payment plaintiffs accepted a mortgage on another property of defendants. This mortgage contained a clause stipulating " that when and as soon as five thousand dollars of the indebtedness hereby secured shall have been well and fully paid then and in such event this mortgage is to be satisfied of record." Subsequently defendants paid the plaintiffs $5,000. Plaintiffs after some delay foreclosed the mortgage on the leasehold property, but did not realize the full amount of their debt. They then issued this scire facias upon the $5,000 mortgage. *Held*, that plaintiffs were not entitled to make the balance of their debt out of the mortgage in suit.

Argued May 5, 1898. Appeal, No. 106, Jan. T., 1898, by plaintiffs, from judgment of C. P. McKean Co., Feb. T., 1897, No. 11, on verdict for defendants. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Scire facias sur mortgage. Before MORRISON, J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendants.

Verdict and judgment for defendants. Plaintiffs appealed.

*Error assigned* was in giving binding instructions for defendants.

*J. M. McClure* and *Eugene Mullin*, of *Mullin & Mullin*, for appellants, cited Teufel v. Rowan, 179 Pa. 408; Huling v. Drexell, 7 Watts, 126; Platt, Barber & Co. v. Johnson, 168 Pa. 47; Atkinson v. Walton, 162 Pa. 221.

*James George*, for appellees, cited Respublica v. Lacaze, 2 Dallas, 118; Respublica v. Lacaze, 1 Yeates, 55; Minard v. Beans, 64 Pa. 411; Mining Co. v. Jones, 108 Pa. 55; Haws v. Ins. Co., 130 Pa. 113; Wheeling, etc., R. R. Co. v. Gourley, 99 Pa. 171; Duffield v. Hue, 129 Pa. 94; Shafer v. Senseman, 125 Pa. 310; Forker v. Sandy Lake Borough, 130 Pa. 123; 2 Parsons on Contracts, 500.

OPINION BY MR. JUSTICE McCOLLUM, May 8, 1899:

On June 25, 1890, Tucker, Rolf and Burns, being the owners of a leasehold oil property in Foster township, McKean county, Pennsylvania, sold it to Taylor and Thurston, for $15,500. The vendors desired to have $5,000 of the purchase money paid in hand and were willing to accept, as security for the payment of the balance, a mortgage upon the property. It was not convenient for the vendees to pay this sum at that time, and in lieu of the down payment they offered to give the additional security of another mortgage upon the property owned by them. This offer was accepted by the vendors, the property was transferred to the vendees, and the mortgages were made and delivered in pursuance of the agreement of the parties. One mortgage was upon the property purchased and the other upon the other property of the purchasers, each conditioned for the payment of the purchase money with interest. It is not necessary to specify herein the terms or time of payment. In the mortgage upon the other property of the purchasers there is this stipulation: "It being understood and agreed by and between the parties hereto, their heirs and assigns, that when and as soon as five thousand dollars of the indebtedness hereby secured shall have been well and truly paid that then and in such event this mortgage is to be satisfied of record by the second parties hereto, their heirs or assigns." On December 14, 1896, a writ of scire facias was issued on this mortgage by the mortgagees or their representatives, and the plea of non assumpsit was entered. Prior to the institution of the suit $5,000 with interest had been paid on the indebtedness, and in addition to this the mortgagees had realized $6,081 by a sale of the leasehold property on the mortgage upon it. As the sale of this property did not satisfy the balance of the indebtedness remaining after the payment of the $5,000, as above stated, the mort-

gagees or their representatives in this suit claimed the difference between that balance and the sum realized by the sale. These facts being conceded on the trial of the suit the only question to be determined was whether the payment of the $5,000 with interest constituted, under the stipulation in the mortgage, a bar to a recovery of the difference sued for. The learned judge of the court below being of the opinion that the conceded facts barred a recovery upon the mortgage directed a verdict for the defendants.

We are satisfied from a careful consideration of the provisions in the mortgages, of the negotiations for a sale of the leasehold and of the admitted facts respecting the payment of the $5,000 that the conclusion arrived at by the learned court below is sound. The fact that the mortgagees did not proceed against the leasehold as promptly as they might have done does not qualify the stipulation or agreement which required them on the payment of the $5,000 with interest to satisfy the mortgage containing it.

Judgment affirmed.